UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 2:19-CR-132-FtM-60NPM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JESUS ROBIN SUAREZ,

    Defendant.
_____/

## SENTENCING MEMORANDUM IN SUPPORT OF REQUEST FOR VARIANCE AND DEPARTURE

    COMES NOW the Defendant, JESUS ROBIN SUAREZ, (hereinafter "SUAREZ"), by and through undersigned counsel, David J. Joffe, pursuant to the Local Rules for the Middle District of Florida and the Federal Rules of Criminal Procedure, and would hereby file this his Sentencing Memorandum, in which it is requested that this District Court impose a sentence "sufficient, but not greater than necessary" in order to achieve individual accountability and just punishment. *See generally, United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010). For the reasons argued herein, SUAREZ and counsel submit that a departure and variance from the proposed guideline sentence should be ordered and that a sentence below the advisory guideline range is sufficient, but not greater than necessary to achieve the sentencing objectives of Title 18, United States Code, Section 3553(a).

    As a threshold matter, SUAREZ affirms the terms and conditions of his plea agreement. SUAREZ continues to fully and completely accept responsibility for his offense conduct. The

District Court should consider a sentence appropriate to reflect SUAREZ'S willingness to cooperate and his other arguments in determining the appropriate sentence for SUAREZ.

The request for a departure and variance is as a result of detailed discussions with SUAREZ who has provided relevant input into said request. SUAREZ' request for a departure and variance are as follows:

<u>DOWNWARD DEPARTURE</u>

A "departure" is typically a change from the final sentencing range computed by examining the provisions of the Guidelines themselves. Departures are usually granted because of factors that take the case "outside the heartland" contemplated by the Sentencing Commission when it drafted the Guidelines for a typical offense. *See United States v. Jordi*, 418 F.3d 1212 (11th Cir. 2005).

Departures allow District Courts to make adjustments to a sentencing range within the guideline system. This is necessary because "it is difficult to prescribe a single set of guidelines that encompasses the broad range of human conduct potentially relevant to a sentencing decision." U.S.S.G. 5K2.0 comment; 18 U.S.C. 3553(b). Departures are therefore "an integral function in the sentencing guideline system." U.S.S.G. 5K2.0 comment. Departures also help District Courts to maintain the statutorily mandated "flexibility to permit individualized sentences when warranted by mitigating or aggravating facts not taken into account in the establishment of general sentencing practices." 28 U.S.C. 991(b)(1)(B).

A District Court may depart from the applicable guideline range if it finds an aggravating or mitigating circumstance "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that . . . should result in a sentence different from that described." Undersigned counsel states that a downward departure is

warranted based on the fact that SUAREZ is currently serving a thirty-six (36) month sentence pursuant to Case No.: 1:17-cr-20812-PCH-1. Said sentence was effective as of April 23, 2018. According to the records from the Bureau of Prison, SUAREZ has sustained no disciplinary violations and the records further indicate that SUAREZ has enrolled in various educational courses, fitness programs and landscape design while in custody. (PSI:60)

The facts presented in this matter require this District Court to grant SUAREZ'S request for a downward departure and sentence him to a sentence to run concurrently with the rest of SUAREZ' sentence in Case No.: 1:17-cr-20812-PCH-1.

Here, the strict application of the advisory sentencing guidelines produces a sentence greater than necessary for punishment under Section 3553(a). And, the District Court, in adhering to the guidelines without consideration of these factors is clearly an abuse of discretion and creates an unjust and unreasonable sentence. SUAREZ'S personal factors support a sentence beneath the advisory guidelines range for the offense conduct in this case. The statutory factors set forth in Section 3553(a) weigh strongly in favor of a sentence outside of and below the advisory sentencing guidelines. Where circumstances warrant, the District Courts can impose sentences that vary downward significantly from the advisory guidelines range and the Appellate Court will affirm such sentences as reasonable. *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007). As set out below, each of the applicable sentencing factors set forth in Section 3553(a) amply justify a downward departure from the advisory guideline sentence as to SUAREZ'S sentence.

As such, SUAREZ request for a downward departure must be granted and he should be sentenced to a term of months that runs concurrent with the remaining sentence that SUAREZ has to serve in Case No. 1:17-cr-20812-PCH-1.

## VARIANCE SENTENCE

A "variance" occurs when a judge imposes a sentence that is below or above the otherwise properly calculated final sentencing range based on application of the other statutory factors enumerated in 18 U.S.C. 3553(a). *United States v. Rangel*, 697 F.3d 795 (9th Cir. 2012). SUAREZ'S request for a variance comports with the sentencing procedures that have evolved since the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), and *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586 (2007). *See, United States v. Livesay*, 525 F.3d 1081, 1089-90 (11th Cir. 2008) (summarizing current sentencing procedures in Eleventh Circuit).

The District Court must properly determine the guideline range, then the District Court must determine whether to apply any of the guidelines' departure policy statements to adjust the guideline range and finally the District Court must consider all of the factors set forth in 18 U.S.C. 3553(a) as a whole, including whether a variance is warranted. *Gall v. United States* 552 US 38,, 128 S.Ct. at 596-97 (2007); *See, United States v. Livesay*, 525 F.3d 1081, 1089-90 (11th Cir. 2008); . After "consult[ing] and correctly determine[ing] the sentencing range prescribed by the Sentencing Guidelines … [t]he court must then impose a reasonable sentence in light of the factors enumerated in 18 U.S.C. 3553(a)." *United States v. McBride*, 511 F.3d 1293 (11th Cir 2007).   Among the factors which the District Court "shall consider" under Section 3553(a)(1) are "the nature and circumstances of the offense and the history and characteristics of the defendant" and under (a)(2) "the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed

education or vocational training, medical care, or other correctional treatment in the most effective manner".

The District Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in Section 3553(a)(2)(A)-(D).  *See, e.g., United States v. McBride*, 511 F.3d 1293, 1296-97 (11th Cir. 2007).  The Court "***may not presume that the [advisory] guidelines range is reasonable***".  *Gall*, 128 S.Ct. at 596-97 (emphasis added); *see also, United States v. Campbell*, 491 F.3d 1306, 1313-1314 (11th Cir. 2007) ("We do not in this Circuit presume reasonable a sentence within the properly calculated guidelines range").  Thus, after making an "individualized assessment" of the Section 3553(a) factors based on the facts presented, the District Court has the power to grant a variance from the advisory guidelines range to whatever extent the District Court deems warranted by the facts of each defendant.  *Gall*, 128 S.Ct. at 595-97; *Livesay*, 525 F.3d at 1090; *McBride*, 511 F.3d at 1297-98.

Here, the strict application of the advisory sentencing guidelines produces a sentence greater than necessary for punishment under Section 3553(a) This District Court must consider SUAREZ'S individual history, *i.e.*, his lack of prior criminal history, the dynamics of his family and that he immediately accepted responsibility.  Based on SUAREZ'S history, a sentence beneath the advisory guidelines range for the offense conduct in this case is warranted.  The statutory factors set forth in §3553(a) weigh strongly in favor of a sentence outside of and below the advisory sentencing guidelines.  Where circumstances warrant, the District Courts can impose sentences that vary downward significantly from the advisory guidelines range and the Appellate Court will affirm such sentences as reasonable.  *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558 (2007).  As set out below, each of the applicable sentencing factors set forth in U.S.S.G. §3553(a) amply justify a variance from the advisory guideline sentence.

A District Court may in fact consider factors under the broader Title 18, United States Code, Section 3553(a), even though the same factors might be prohibited or discouraged under the guidelines. Under the factors as set forth in §3553(a), undersigned counsel respectfully submits that a variance sentence is appropriate for SUAREZ. §3553(a) directs the District Court to impose a sentence sufficient, but not greater than necessary based upon the statutory objectives and relevant factors. A variance is further supported by Title 18, United States Code, §3582, which provides:

> (a)   Factors To Be Considered in Imposing a Term of Imprisonment.– The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth is section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation….

The post-*Booker* reinstatement of judicial discretion requires the District Court to consider the personal background of the offender as well as the offense itself. For the following reasons, a variance is warranted and SUAREZ should be sentenced at the low end of the guideline, with a variance and with minimal to no incarceration.

*(1)   The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant. Title 18, United States Code, §3553(a)(1).*

SUAREZ took responsibility immediately and cooperated with the government and has agreed to assist the government in all proceedings, whether administrative or judicial. To punish him by sentencing him to a guideline sentence over the minimum without a variance is not supported by the facts of this case.

In addition, SUAREZ' request for a variance is warranted due to the fact that SUAREZ is currently serving a thirty-six (36) month sentence pursuant to Case No.: 1:17-cr-20812-PCH-1.

Said sentence was effective as of April 23, 2018. SUAREZ sentence should be equal to the sentence he is currently serving and same should be concurrent to said sentence.

Finally, SUAREZ is entitled to a substantial variance pursuant to U.S.S.G. §5K2.19 due to his post sentencing rehabilitation. According to the records from the Bureau of Prison, SUAREZ has sustained no disciplinary violations and the records further indicate that SUAREZ has enrolled in various educational courses, fitness programs and landscape design while in custody. (PSI:60) Said report clearly supports a finding that SUAREZ is attempting to better himself so that he can become legally employed in order to support himself and his family. Based on this alone, SUAREZ' request for a variance must be granted. *Pepper v. United States*, 562 U.S. 476, 131 S.Ct. 1229 (2011).

***(2)    The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law and to Provide Just Punishment for the Offense, to Afford Adequate Deterrence to Criminal Conduct, to Protect the Public from Further Crimes of the Defendant and to Provide the Defendant with Needed Training or Services.  Title 18, United States Code, §3553(a)(2)(A)-(D).***

Because of SUAREZ' agreement to assist the government in any and all proceedings and the fact of his post sentencing rehabilitation as evidenced by the report from the Bureau of Prisons, a sentence that is concurrent with the sentence SUAREZ has remaining in Case No. 1:17-cr-20812-PCH-1would be more than sufficient.

Again, considering the facts of this case, the personal characteristics of SUAREZ, i.e., taking responsibility immediately and agreeing to assist the government in any and all proceedings and the report of the Bureau of Prisons, there is no reason to believe a sentence at the low end of the guideline, with a variance – i.e., a sentence that is concurrent to the sentence

7

SUAREZ is currently serving, would be sufficient to reflect the seriousness of this offense and to promote respect for the law and provide just punishment.

**(3)    *The Kinds of Sentences Available. Title 18, United States Code, §3553(a)(3).***

Section 3553(a) expressly dictates that the District Court shall impose a sentence sufficient, *but not greater than necessary*. *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010). Here, the District Court is in a position to fashion a sentence that would punish SUAREZ, protect the public and deter others by restricting his freedom. Under *Gall, supra*, the sentencing guidelines and policy statements are but one factor among all of the other Section 3553(a) factors. Moreover, in order to impose a sentence that is procedurally reasonable, this District Court must treat the guidelines as advisory and not mandatory and consider the guidelines among all of the statutory factors set forth in Section 3553(a). As noted herein, in fashioning a sentence that is substantially reasonable, this District Court has considerable discretion as to the weight it decides to give each of the Section 3553(a) factors and the guideline sentence itself. Accordingly, sentencing SUAREZ to the low end of the guidelines with a variance; to run concurrent with the sentence he is currently serving and to be for the length of time remaining on said sentence, is a "kind of sentence" that is certainly available to SUAREZ. After all, SUAREZ accepted responsibility immediately and his apparent rehabilitation, the sentence that SUAREZ is seeking is one that the Sentencing Commission believes is sufficient in these types of cases.

**(4)    *The Kinds of Sentence and Sentencing Range Established by the Sentencing Guidelines and Pertinent Policy Statements. Title 18, United States Code, §3553(a)(4).***

The advisory guideline range in this case, according to the United States Probation Office is 63 to 78 months. Therefore, sentencing SUAREZ to the low end of the guideline range and granting a variance, would be in keeping with the policy statements of Section 3553(a).

Furthermore, SUAREZ' agreement to assist the government in any and all proceedings, and the apparent rehabilitation of SUAREZ supports SUAREZ' request for a variance.

**(5)** *The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct. Title 18, United States Code, §3553(a)(5).*

Although the primary purpose of the Sentencing Reform Act was to "reduce unwarranted sentencing disparities", the guideline regime has led to variants of disparity never contemplated by its drafters. Sentencing is driven in part by the applicable guidelines, the statutory sentencing factors and individual judicial discretion. SUAREZ is a defendant whose offense behavior requires the District Court to consider a multitude of mitigating factors including his status, personal background and other mitigating circumstances argued herein that in fact support a downward variance.

**(6)** *The Need to Provide Restitution to Any Victims of the Offense. Title 18, United States Code, Section 3553(a)(6).*

This factor is not relevant.

CONCLUSION

SUAREZ does not minimize the seriousness of the offense he committed. As such, the "totality of circumstances" requires the proper exercise of *Booker* discretion in favor of granting SUAREZ'S request for a variance.

The Presentence Investigation Report's advisory guideline range of 63 to 78 months is both inequitable and unreasonable given the facts in the case *sub judice*. This District Court must take into consideration SUAREZ'S arguments made herein and make an individualized assessment of SUAREZ, which warrants a substantial variance.

Mercy and compassion are a part of justice. "A country which is secure in its institutions, confident in its laws should not be ashamed of the concept of mercy." Justice Kennedy, ABA speech 2003. Punishment should not be more severe than that necessary to satisfy the goals of punishment. *United States v. Carvajal*, 2005 WL 476125 (S.D. N.Y. 2005). A judge must sentence "without ever being indifferent to defendant's plea for compassion, for compassion also is a component of justice". *United States v. Kloda*, 133 F.Supp.2d 345 (S.D. N.Y. 2001).

Accordingly, this Honorable Court is respectfully urged to consider the facts and circumstances of this case against the backdrop of Title 18, United States Code, §3553(a), and fashion a sentence that is not "greater than necessary".

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

> Respectfully submitted,
>
> JOFFE LAW, P.A.
> Attorneys for Defendant
> The 110 Tower Building
> 110 S.E. 6th Street Suite 1700
> Fort Lauderdale, Florida 33301
> Phone: (954) 723-0007
> Fax:    (954) 723-0033
>
> By /s/ *David J. Joffe*
>    DAVID J. JOFFE, ESQUIRE
>    FLORIDA BAR NO. 0814164